**Robert Stapleton HODGES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–01–00102–CR, 13–01–00104–CR.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

Aug. 14, 2003.

Rehearing Overruled Oct. 23, 2003.

---

9. RESTATEMENT (SECOND) OF JUDGMENTS § 15 (1982).

10. *Id.* cmt. b.

Larry Warner, Brownsville, for Appellant.

John A. Olson, Cameron County Commissioner's Court, Civil Legal Division, Yolanda De Leon, Dist. Atty., Brownsville, for State.

Before Justices HINOJOSA, CASTILLO, and DORSEY.[1]

**OPINION**

Opinion by Justice HINOJOSA.

Without a plea agreement, appellant, Robert Stapleton Hodges, pleaded nolo

---

1. Retired Justice J. Bonner Dorsey, who concluded his term of office on December 31, 2002, was assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998) to "complete the adjudication of any and all causes assigned to a panel of which [he was] a member" prior to his retirement.

contendere in cause number 13–01–00104–CR[2] to one count of aggravated sexual assault of a child[3] and one count of indecency with a child.[4] The trial court found him guilty of both offenses, assessed his punishment at twenty-five years' imprisonment for the aggravated sexual assault charge and ten years imprisonment for the indecency charge, and ordered that the ten-year sentence be served consecutively after he served the twenty-five year sentence. Without a plea agreement, appellant pleaded nolo contendere in cause number 13–01–00102–CR[5] to one count of indecency with a child. The trial court found him guilty of this offense, assessed his punishment at ten years' imprisonment, and ordered that this sentence run concurrently with the sentences in cause number 13–01–00104–CR. The trial court has certified that these cases are not plea-bargain cases and "the defendant has the right of appeal." See TEX.R.APP. P. 25.2(a)(2).

In seven issues, appellant contends: (1) he did not receive effective assistance of counsel during trial; (2) the trial court erred in overruling his motion for new trial; (3) the trial court erred in accepting his pleas of nolo contendere; (4) the trial court erred in overruling his motion to suppress; (5) the trial court erred by admitting evidence of an unadjudicated offense during the punishment phase of trial; (6) the trial court's cumulation order is void; and (7) appellant's absence from voir dire was fundamental error. We affirm in part, and reverse and remand in part.

2. Trial court cause number 2000–CR–329–C.

3. See TEX. PEN.CODE ANN. § 22.021(a)(1)(B) (Vernon 2003).

4. See TEX. PEN.CODE ANN. § 21.11(a)(1) (Vernon 2003).

5. Trial court cause number 2000–CR–859–C.

## A. PROCEDURAL HISTORY

In cause number 13–01–00104–CR, appellant was charged by indictment with one count of aggravated sexual assault of a child and one count of indecency with a child. By separate indictment, in cause number 13–01–00102–CR, appellant was charged with two counts of aggravated sexual assault of a child and three counts of indecency with a child. The indictments alleged the offenses were committed against four different children.

Appellant initially pleaded not guilty to both indictments, and both cases were set for trial before a jury. A jury was later chosen, and both cases were tried together. At the close of the evidence in the guilt/innocence phase of the trial, without a plea agreement, appellant waived the jury and changed his plea to nolo contendere in both cases. The trial court admonished appellant, both orally and in writing, regarding whether his pleas were voluntarily and understandingly made. After determining that appellant's pleas were voluntarily made, the trial court accepted the pleas.[6]

## B. SIXTH AMENDMENT RIGHT TO COUNSEL

In his first issue, appellant contends he did not receive effective assistance of counsel because his counsel was involuntarily absent during the punishment phase of his trial.

The Sixth Amendment to the United States Constitution guarantees that "in all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance

6. At the time of the pleas, the State decided to unadjudicate the remaining two counts of aggravated sexual assault of a child and two counts of indecency with a child; all four counts pertained to the same child.

of counsel for his defense." U.S. CONST., amend. VI. The Sixth Amendment right to counsel has long been held to mean the right to the effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Normally, to establish ineffective assistance of counsel a defendant must prove counsel's performance was deficient and this deficiency was prejudicial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, in certain Sixth Amendment contexts, prejudice is presumed. "Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Id.* at 692, 104 S.Ct. 2052.

■ The Supreme Court "has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." *United States v. Cronic,* 466 U.S. 648, 659 n. 25, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *see, e.g., Burdine v. Johnson,* 262 F.3d 336, 345 (5th Cir.2001) (sleeping counsel is equivalent to no counsel). Thus, when an appellant can establish that defense counsel was not merely incompetent but inert, *Strickland* prejudice will be presumed. *Childress v. Johnson,* 103 F.3d 1221, 1228 (5th Cir. 1997).

■ Absent waiver, the right to counsel automatically becomes effective at the inception of adversarial judicial criminal proceedings and must be implemented by the State at every critical stage of those proceedings. *Fuller v. State,* 829 S.W.2d 191, 205 (Tex.Crim.App.1992). Determining whether a particular proceeding is a "critical stage" generally turns on an assessment of the usefulness of counsel to the accused at that particular proceeding. *Upton v. State,* 853 S.W.2d 548, 553 (Tex. Crim.App.1993). The Supreme Court has interpreted "critical stage" to mean any stage of a criminal proceeding where substantial rights of a criminal defendant may be affected. *Mempa v. Rhay,* 389 U.S. 128, 134, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). Absent a knowing and intelligent waiver by the accused, the trial court may not require a defendant to "stand alone against the State." *United States v. Wade,* 388 U.S. 218, 226, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

Here, appellant's counsel was involuntarily absent from a portion of the testimony of Thomas Marin, a Nevada detective who testified during the punishment phase of the trial regarding the events of a prior extraneous offense committed by appellant. Marin testified that the prior case was originally filed as a felony, but appellant later pleaded guilty to a misdemeanor. Defense counsel's absence prevented effective cross-examination of the adverse witness.

Because the trial court had considerable discretion in sentencing appellant, defense counsel's usefulness to the accused in effectively cross-examining the adverse witness was tantamount to protecting the reliability of the punishment proceeding. The right to the assistance of counsel ensures a criminal defendant the opportunity to participate fully and fairly in the adversarial fact-finding process. *Herring v. New York,* 422 U.S. 853, 858, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975).

■ The court of criminal appeals has held that a criminal defendant is entitled to the assistance of counsel at sentencing because sentencing is a "stage of a criminal proceeding where substantial rights may be affected." *Ex parte Vestal,* 468 S.W.2d 372, 373 (Tex.Crim.App.1971). We conclude that the direct testimony of an adverse witness during the punishment phase of a criminal trial is a critical stage

of the trial, entitling the defendant to the presence of defense counsel. Accordingly, because appellant temporarily had no attorney present during a critical stage of his criminal proceeding, we conclude he was denied the effective assistance of counsel.

However, this conclusion does not end our inquiry. We must next consider whether the attorney's temporary absence during the taking of testimony was harmful error. *See* TEX.R.APP. P. 44.2(a);[7] *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim.App.1997) (Except for certain Federal constitutional errors labeled structural by the Supreme Court, no error is categorically immune to a harmless error analysis.).

■ Here, the trial court had discretion to sentence appellant to a wide range of punishment. Such considerable discretion mandated the assistance of counsel during the punishment phase of the trial. Because appellant was unable to effectively cross-examine an adverse witness, and the trial court sentenced appellant to more than the minimum punishment available, we hold that the absence of defense counsel, however temporary, during the presentation of extraneous offense evidence was a sufficient breakdown of the adversarial process that it rendered the punishment hearing unreliable.

Thus, on these facts, we cannot conclude beyond a reasonable doubt that the temporary denial of the effective assistance of counsel at the punishment phase of the trial did not harm appellant by contributing to his punishment. Appellant's first issue is sustained.

■ However, the temporary absence of counsel during the punishment phase of trial does not invalidate the judgment of guilt. The proper remedy is to remand for a new punishment hearing. *See* TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.2003); *Rent v. State*, 982 S.W.2d 382, 385 (Tex.Crim.App.1998).

### C. DEFENDANT'S PLEAS OF NOLO CONTENDERE

By his third issue, appellant contends the trial court erred in accepting his pleas of nolo contendere despite his repeated denial of the charges.

■ If a defendant pleads guilty to a felony, before a jury, and evidence is introduced which reasonably and fairly raises a question of fact regarding his innocence, and such evidence is not withdrawn, the trial court must *sua sponte* withdraw the guilty plea. *Griffin v. State*, 703 S.W.2d 193, 195 (Tex.Crim.App.1986); *Saenz v. State*, 807 S.W.2d 10, 11 (Tex.App.-Corpus Christi 1991, no pet.).

■ However, if a defendant's plea of guilty or nolo contendere is to the court, not a jury, the trial court has no obligation to *sua sponte* withdraw the plea, even if evidence is presented which makes evident the innocence of the defendant or reasonably and fairly raises an issue thereto. *Thomas v. State*, 599 S.W.2d 823, 824 (Tex. Crim.App.1980); *Moon v. State*, 572 S.W.2d 681, 682 (Tex.Crim.App.1978). The trial court need not withdraw the plea in such a case because, as the trier of the facts, it is the duty of the trial court to consider the evidence submitted and,

---

**7.** We agree with the Eleventh Circuit's analysis in *Vines v. United States*, 28 F.3d 1123 (11th Cir.1994), that a temporary absence is not such a defect as to prevent a court from pursuing the issue of harmless error. In arriving at this conclusion, the Eleventh Circuit reasoned that "[w]hile trial counsel may exercise poor judgment in absenting himself or herself from a portion of a trial, such flawed judgment does not necessarily infect the entire trial." *Vines*, 28 F.3d at 1129.

based on such evidence, find the defendant guilty, guilty of a lesser included offense, or not guilty. *Thomas*, 599 S.W.2d at 824; *Saenz*, 807 S.W.2d at 11 n. 1. Under Texas law, if a jury has been waived, a defendant shall not be convicted of a felony offense upon his plea without sufficient evidence to support the same. TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp.2003); *Young v. State*, 8 S.W.3d 656, 660–61 (Tex.Crim. App.2000). The State has the burden to prove the offense by introducing sufficient evidence to support the conviction. *Young*, 8 S.W.3d at 661 n. 9. Since the trial court, as the trier of fact, is already under a duty to review and weigh the evidence submitted, it would serve no valid purpose for the trial court to *sua sponte* withdraw the plea of guilty or nolo contendere. *Moon*, 572 S.W.2d at 682.

 Here, at the close of all evidence in the guilt/innocence phase of the trial and in the absence of the jury, appellant withdrew his pleas of not guilty. He then waived his right to trial by jury and entered pleas of nolo contendere to the trial court. The trial court orally admonished appellant in accordance with article 26.13 of the code of criminal procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13 (Vernon 1989 & Supp.2003). Thereafter, the trial court considered all the evidence it heard during the trial and found appellant guilty of one count of aggravated sexual assault of a child and two counts of indecency with a child. During the punishment phase of the trial, appellant, on cross examination, repeatedly denied committing the acts alleged in the indictments. Thereafter, appellant expressly stated that he was not asking the trial court to allow him to withdraw his pleas of nolo contendere.

The trial court, as the exclusive judge of the credibility of appellant's testimony, could accept or reject any part, or all of it.

*See Sawyer v. State*, 778 S.W.2d 541, 544 (Tex.App.-Corpus Christi 1989, pet. ref'd). If the trial court, as fact finder, believed that appellant's repeated denials on cross examination raised a fact issue concerning his innocence, the court could have found him not guilty.

In light of all the evidence before the trial court and appellant's pleas of nolo contendere, we cannot say that the court abused its discretion in accepting appellant's pleas, despite his testimony denying the allegations in the indictments. Appellant's third issue is overruled.

### D. MOTION TO SUPPRESS

In his fourth issue, appellant complains that the trial court abused its discretion in denying his motion to suppress. Specifically, appellant asserts the search warrant's supporting affidavit fails to allege sufficient facts to establish probable cause.

 A trial court's ruling on a motion to suppress is generally reviewed for abuse of discretion. *Oles v. State*, 993 S.W.2d 103, 106 (Tex.Crim.App.1999); *Chavero v. State*, 36 S.W.3d 688, 697 (Tex. App.-Corpus Christi 2001, no pet.). A motion to suppress evidence is nothing more than a specialized objection to the admissibility of evidence. *Galitz v. State*, 617 S.W.2d 949, 952 n. 10 (Tex.Crim.App.1981); *Wilson v. State*, 857 S.W.2d 90, 94 (Tex. App.-Corpus Christi 1993, pet. ref'd). To preserve error, a request, objection, or motion must state the grounds of the complaint with sufficient specificity to make the trial court aware of the complaint. TEX.R.APP. P. 33.1(a). If the objection made in the trial court differs from the complaint made on appeal, a defendant has not preserved any error for review. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim.App.1986).

On appeal, appellant contends that probable cause is lacking because the search warrant's supporting affidavit, based on information gained from interviewing the victims and other relevant witnesses, fails to establish the informants' credibility and basis of knowledge. In his motion to suppress, appellant argued that a closed briefcase, seized during his arrest, was illegally searched without a warrant and that illegally obtained information found in the briefcase was later used to secure the search warrant. The motion did not specifically address a lack of probable cause in the search warrant's supporting affidavit. Therefore, appellant's motion to suppress did not make the trial court aware of his complaint concerning the supporting affidavit.

Because the objection appellant made in the trial court differs from the complaint he now makes on appeal, we conclude appellant has waived this complaint. *See Thomas*, 723 S.W.2d at 700. Appellant's fourth issue is overruled.

### E. Appellant's Absence During Voir Dire

In his seventh issue, appellant complains that his temporary absence from voir dire violated his rights under the Sixth Amendment to the United States Constitution, Article 10 of the Texas Constitution, and article 33.03 of the Texas Code of Criminal Procedure. Appellant asserts that proceeding with voir dire in his absence amounts to fundamental error. The State argues that error, if any, was waived by appellant's subsequent pleas of nolo contendere.

Article 33.03 of the Texas Code of Criminal Procedure requires that in all prosecutions for felonies, the accused must be personally present at trial, except when the accused voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected. *See* Tex.Code Crim. Proc. Ann. art. 33.03 (Vernon 1989); *Adanandus v. State*, 866 S.W.2d 210, 217 (Tex.Crim.App.1993). The right is entailed within a defendant's right to confront witnesses against him under the United States and Texas Constitutions. *Miller v. State*, 692 S.W.2d 88, 90 (Tex.Crim.App.1985); *see also* U.S. Const. amend. VI; Tex. Const. art. I, § 10. This right to be present until the jury has been selected cannot be waived. *Miller*, 692 S.W.2d at 91; *Tracy v. State*, 14 S.W.3d 820, 826 (Tex.App.-Dallas 2000, pet. ref'd). In cases of error under article 33.03, the court must determine whether the presence of appellant bears a reasonably substantial relationship to the opportunity to defend. *Bath v. State*, 951 S.W.2d 11, 22 (Tex.App.-Corpus Christi 1997, pet. ref'd).

In this case, the right affected is the right of appellant to be present during all of voir dire in order to assist defense counsel in the exercise of peremptory challenges. Although present at the beginning of voir dire, appellant was involuntarily absent during the exercise of peremptory challenges. At the time, appellant was in a holding cell, in the State's custody. Accordingly, we hold it was statutory and constitutional error for the trial court to proceed with voir dire in appellant's absence. *Jasper v. State*, 61 S.W.3d 413, 423 (Tex.Crim.App.2001); *see also Bath*, 951 S.W.2d at 22; *Bledsoe v. State*, 936 S.W.2d 350, 351 (Tex.App.-El Paso 1996, no pet.).

However, a defendant who voluntarily and understandingly enters a plea of guilty waives all nonjurisdictional defects, including claimed deprivation of due process rights, where the resulting judgment of conviction was independent of, and was not supported by, the error. *Young*, 8 S.W.3d at 666–67; *Dorsey v. State*, 55

S.W.3d 227, 234 (Tex.App.-Corpus Christi 2001, no pet.).

██ Here, because appellant waived his right to trial by jury and voluntarily pleaded nolo contendere before the trial court, his conviction is independent of any error , occurring during voir dire. *See Young,* 8 S.W.3d at 666–67; *Dorsey,* 55 S.W.3d at 234. Further, at no time did appellant voice a concern about his absence from voir dire or show any reluctance about his decision to plead nolo contendere before he did so. He listened to the trial court's thorough explanation of the consequences of his pleas and repeatedly affirmed his decision to plead nolo contendere. Thus, any error occurring during voir dire, was not preserved for our review. Appellant's seventh issue is overruled.

In light of our disposition, it is not necessary to address appellant's remaining issues. *See* TEX.R.APP. P. 47.1.

In cause number 13–01–00102–CR, we affirm the trial court's judgment finding appellant guilty of one count of indecency with a child, reverse the judgment as to punishment only, and remand the case to the trial court for a new punishment hearing.

In cause number 13–01–00104–CR, we affirm the trial court's judgment finding appellant guilty of one count of aggravated sexual assault of a child and one count of indecency with a child, reverse the judgment as to punishment only, and remand the case to the trial court for a new punishment hearing.