

# NUMBER 13-08-00519-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

BRIAN ROBERT KOTARA,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## On appeal from the 319th District Court of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Justice Garza

Appellant, Brian Robert Kotara, was convicted of aggravated sexual assault of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(B), (e) (Vernon Supp. 2008). The trial court sentenced him to twenty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. By four issues on appeal, Kotara contends that: (1) the trial court erred by failing to ensure that Kotara was present at the hearing on his motions for new trial; (2) he was afforded ineffective assistance of counsel because he "entered a plea of guilty under the misconception that he was likely to receive probation or community supervision"; (3) he was afforded ineffective assistance of counsel because "he was never informed of the State's willingness to enter into a plea bargain for a sentence of ten years"; and (4) "[i]ncreasing the State's

recommended punishment from 10 years to 25 years, with no further justification, constituted prosecutorial misconduct." We affirm.

## I. BACKGROUND

A Nueces County grand jury indicted Kotara on August 16, 2007.[1] At a hearing before the trial court on January 14, 2008, Kotara entered an "open" guilty plea to the charged offense, and the trial court certified Kotara's right to appeal. A sentencing hearing was held on June 12, 2008, at which the trial court pronounced Kotara's sentence of twenty-five years' imprisonment.

On July 8, 2008, Kotara's appellate counsel filed a motion for new trial with the trial court, complaining that Kotara's prior trial counsel provided ineffective assistance. The motion specifically alleged that Kotara's trial counsel failed to: (1) call Kotara's therapist or psychologist to present mitigation evidence; (2) negotiate a "specific plea or cap" with the State; (3) advise Kotara that he was not eligible for court-ordered probation; (4) advise Kotara that a jury would have been authorized to grant probation; (5) "exploit the fact that the complainant initially lied about the circumstances of the incident"; and (6) "investigate the sexual promiscuity of the complainant which may have [a]ffected the length of sentence." The July 8, 2008 motion also contended that "a 25 year sentence for a first time offense of fondling a sexually active teenager was unconscionable and excessive."

On July 11, 2008, Kotara's appellate counsel filed an additional motion entitled "Motion for New Trial / Motion for Rehearing." This second motion noted that, at the sentencing hearing on January 12, 2008, "some evidence was entered regarding a collateral felony sexual assault [charge against Kotara] that was pending in Karnes County," and that "[n]ew evidence has just been obtained consisting of an order formally

---

[1] The indictment alleged specifically that:

BRIAN ROBERT KOTARA, defendant, on or about JUNE 10, 2007, in Nueces County, Texas, did then and there intentionally or knowingly cause the penetration of the sexual organ of [T.S.], a female child younger than 14 years of age and not the spouse of the defendant, by the defendant's finger, against the peace and dignity of the State.

2

dismissing" that charge.

A hearing was held on Kotara's motions for new trial on August 25, 2008. At the hearing, the State's attorney noted that the trial court had signed a bench warrant summoning Kotara to be present at that time, but that the bench warrant was not executed and Kotara was not present.[2] Nevertheless, Kotara's appellate attorney, who represented Kotara at the hearing, indicated that he was willing to proceed despite his client's absence because August 25, 2008 was the seventy-fifth day following the imposition of Kotara's sentence. *See* TEX. R. APP. P. 21.8(a) ("The court must rule on a motion for new trial within 75 days after imposing or suspending sentence in open court.").

The only witness to testify at the August 25, 2008 hearing was Kotara's wife, Jennifer. When asked by Kotara's counsel whether "you were involved with the conversations with the [prior] attorney," Jennifer replied in the affirmative. Jennifer further testified that Kotara's prior attorney did not: (1) talk with Kotara about whether he was eligible for probation; (2) tell Kotara that the judge was not able to order probation; (3) tell Kotara that he was not eligible for probation unless the sentence was ten years or less; (4) tell Kotara that he had the option to go to the jury for punishment and request probation from the jury; or (5) inform Kotara that the State had made an offer for a plea agreement under which Kotara would be sentenced to ten years' imprisonment. The trial court denied the motions for new trial. This appeal followed.

## II. DISCUSSION

### A. Presence at Hearing on Motion for New Trial

By his first issue, Kotara contends that the trial court "erred in failing to ensure" his presence at the August 25, 2008 hearing on his motions for new trial. Kotara argues that his presence at the hearing was necessary because his testimony "needed to be developed to establish reasons for a lesser sentence and issues of ineffective assistance

---

[2] Although no bench warrant appears in the record before us, we note that Kotara's appellate counsel also stated at the August 25, 2008 hearing that the trial court had in fact signed a bench warrant summoning Kotara to appear.

3

of counsel."

Article 33.03 of the Texas Code of Criminal Procedure requires that in all prosecutions for felonies, the accused must be personally present at trial, except when the accused voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected. TEX. CODE CRIM. PROC. ANN. art. 33.03 (Vernon 2006); *see Adanandus v. State*, 866 S.W.2d 210, 217 (Tex. Crim. App. 1993); *Hodges v. State*, 116 S.W.3d 289, 296 (Tex. App.–Corpus Christi 2003, pet. ref'd). The right is entailed within a defendant's right to confront witnesses against him under the United States and Texas Constitutions. *Miller v. State*, 692 S.W.2d 88, 90 (Tex. Crim. App. 1985); *Hodges*, 116 S.W.3d at 296; *see* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. The right extends to a hearing on a motion for new trial. *Coons v. State*, 758 S.W.2d 330, 339 (Tex. App.–Houston [14th Dist.] 1988, pet. ref'd). If we find error under article 33.03, we must determine whether the presence of the appellant bears a reasonably substantial relationship to the opportunity to defend. *Hodges*, 116 S.W.3d at 296; *Bath v. State*, 951 S.W.2d 11, 22 (Tex. App.–Corpus Christi 1997, pet. ref'd).

The right to be present until the jury has been selected cannot be waived. *Miller*, 692 S.W.2d at 91; *Tracy v. State*, 14 S.W.3d 820, 826 (Tex. App.–Dallas 2000, pet. ref'd). However, a defendant may waive his right to be present at a motion for new trial. *Coons*, 758 S.W.2d at 339 (citing *Phillips v. State*, 163 Tex. Crim. 13, 288 S.W.2d 775 (1956)). Reversal is required only where the defendant desires to be present at the hearing and is denied that right. *Id.* (citing *Jackson v. State*, 379 S.W.2d 896 (Tex. Crim. App. 1964); *Lacy v. State*, 374 S.W.2d 244 (Tex. Crim. App. 1963)).

At the hearing on Kotara's motions for new trial, his appellate counsel stated that he chose to proceed without his client's presence because a postponement of the hearing would have caused the motions for new trial to be overruled by operation of law. *See* TEX. R. APP. P. 21.8(a); *State v. Gutierrez,* 143 S.W.3d 829, 831 (Tex. App.–Corpus Christi 2004, no pet.). Although the issuance of the bench warrant may be some evidence that

4

Kotara at one point desired to be present at the hearing, the record does not contain any evidence as to why the bench warrant was not executed, why the hearing was scheduled so close to the seventy-five-day deadline, or why Kotara failed to appear at the hearing. Without any such evidence, we cannot say that Kotara "was denied the ability to appear" at the hearing. *See Coons*, 758 S.W.2d at 339. Accordingly, we find no error under article 33.03. Kotara's first issue is overruled.

## B.     Ineffective Assistance of Counsel—Voluntariness of Plea

Kotara contends by his second issue that his trial counsel was ineffective because Kotara "entered a plea of guilty under the misconception that he was likely to receive probation or community supervision."[3] According to Kotara, the lack of effective counsel rendered his guilty plea involuntary.

When a defendant challenges the voluntariness of a plea entered upon the advice of counsel, contending that his counsel was ineffective, "the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ex parte Moody*, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999); *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). Once a defendant has pled guilty and attested to the voluntariness of his plea, he bears a heavy burden at a subsequent hearing to demonstrate a lack of voluntariness. *Garcia v. State*, 877 S.W.2d 809, 812 (Tex. App.–Corpus Christi 1994, pet. ref'd). Generally, a guilty plea is considered voluntary if the defendant was made fully aware of the direct consequences. *State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999) (en banc) (citing *Brady v. United States*, 397 U.S. 742, 755 (1970)).

---

[3] Under article 42.12 of the code of criminal procedure, a defendant adjudged guilty of aggravated sexual assault is not eligible for court-ordered community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(E) (Vernon Supp. 2008). However, a defendant that pleads guilty or nolo contendere to that offense is eligible for deferred adjudication community supervision if the trial court makes a finding in open court that placing the defendant on community supervision is in the best interest of the victim. *Id.* art. 42.12, § 5(a).

Additionally, to support a claim of ineffective assistance of counsel where the complaint is that counsel misunderstood the law regarding community supervision, "more must be apparent from the record than trial counsel's mere mistake." *State v. Recer*, 815 S.W.2d 730, 731 (Tex. Crim. App. 1991). Instead, there must be evidence that: (1) the defendant was initially eligible to receive probation; (2) counsel's advice to go to the trial judge for sentencing was not given as part of a valid trial strategy; (3) the defendant's decision to have the judge assess punishment was based on his attorney's erroneous advice; and (4) the defendant's decision would have been different if his attorney had correctly informed him of the law. *Id.* at 731-32 (citing *Ex parte Cruz*, 739 S.W.2d 53, 59 (Tex. Crim. App. 1987); *Flanagan v. State*, 675 S.W.2d 734, 746-47 (Tex. Crim. App. 1984); *Mercado v. State*, 615 S.W.2d 225 (Tex. Crim. App. 1981)).

On appeal, Kotara points solely to his wife's testimony at the hearing on the motions for new trial in arguing that his trial counsel never advised him that he was ineligible for court-ordered community supervision. However, Jennifer did not testify that she was privy to each and every communication between Kotara and his trial counsel; accordingly, it is possible that counsel discussed Kotara's ineligibility with him while she was not present. Even if Jennifer did testify that she was present for all such communications and that counsel never informed Kotara of his ineligibility, we must "afford almost total deference" to the trial court's determination of the historical facts and of mixed questions of law and fact that turn upon an evaluation of credibility and demeanor. *Rodriguez v. State*, 191 S.W.3d 428, 453 (Tex. App.–Corpus Christi 2006, pet. ref'd) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); *Jennings v. State*, 107 S.W.3d 85, 89-90 (Tex. App.–San Antonio 2003, no pet.)). Moreover, the record is devoid of evidence indicating that Kotara's decision to have the judge assess punishment was based on his counsel's advice, or that such advice represented anything but a valid trial strategy. *See Recer*, 815 S.W.2d at 731-32.

Kotara has not met his "heavy burden" to establish that his plea was involuntary

because of ineffective assistance of counsel. *See Garcia*, 877 S.W.2d at 812. Accordingly, we overrule his second issue.

## C.     Ineffective Assistance of Counsel—Plea Bargain Offer

By Kotara's third issue, he argues that his trial counsel was ineffective because Kotara was "never informed of the State's willingness to enter into a plea bargain for a sentence of ten years."[4]

To establish a claim for ineffective assistance of counsel, Kotara must show (1) his attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 664, 668; *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.-Corpus Christi 2006, no pet.). Whether this test has been met is to be judged on appeal by the totality of the representation, not by any isolated acts or omissions. *Jaynes*, 216 S.W.3d at 851. The burden is on the appellant to prove ineffective assistance of counsel by a preponderance of the evidence. *Id.* Our review of counsel's representation is highly deferential, and we will find ineffective assistance only if the appellant overcomes the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851. Further, the acts or omissions that form the basis of appellant's claim of ineffective assistance must be evidenced by the record. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999); *Jaynes*, 216 S.W.3d at 851. In most cases, a silent

---

[4] As part of his closing argument at the hearing on the motions for new trial, the State's attorney stated as follows:

> There was a plea offer to [sic] ten years. I think the defendant turned it down. And as the Court knows, it's up to the defendant and the defense counsel as to what they're going to do when they do a plea. Now, they chose, instead of taking the ten years, one of two options. They could have gone to a jury and taken their chances with the jury. But based on the facts . . . they felt that it would be better to go to the Court, because the Court has heard things, the Court deals with a lot of cases, the Court deals with murders, the Court deals with rapes, and they were hoping that throwing themselves to the mercy of the Court it would be better for them.

record which provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *Thompson*, 9 S.W.3d at 813-14.

Ineffectiveness of counsel will be established where counsel fails to timely communicate a plea bargain offer and the defendant states that he would have accepted the plea bargain offer if he had been informed of it. *State v. Williams*, 83 S.W.3d 371, 375 (Tex. App.–Corpus Christi 2002, no pet.) (citing *Ex parte Lemke*, 13 S.W.3d 791, 796 (Tex. Crim. App. 2000); *Paz v. State*, 28 S.W.3d 674, 676 (Tex. App.–Corpus Christi 2000, no pet.)). Defendants who are not informed of a plea bargain offer at all by their attorneys are generally viewed as having been prejudiced by the missed opportunity to accept an offer and present it to the court for consideration in sentencing. *Williams*, 83 S.W.3d at 375 (citing *Lemke*, 13 S.W.3d at 796).

Here, although Kotara's wife testified that she did not hear Kotara's trial counsel advise him of the State's plea bargain, Kotara was not present and did not testify at all at the hearing on the motions for new trial. Even if Kotara was available and did testify that his trial counsel did not inform him of the offer, no evidence was adduced establishing that Kotara would have accepted the offer had he been informed of it. *See Williams*, 83 S.W.3d at 375. Moreover, neither of Kotara's motions for new trial alleged that his trial counsel was ineffective in this particular way. *See* TEX. R. APP. P. 21.2 ("A motion for new trial is a prerequisite to presenting a point of error on appeal only when necessary to adduce facts not in the record."); *Martinez v. State*, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002) (stating that, in order to warrant a hearing on a motion for new trial, "the supporting affidavit must reflect that reasonable grounds exist for holding that such relief should be granted").

We conclude that Kotara has not overcome the strong presumption that his trial counsel's conduct fell within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851. Kotara's third issue is overruled.

8

## D. Prosecutorial Misconduct

By his fourth issue, Kotara claims that the State's attorney committed misconduct by recommending a sentence of twenty-five years at the sentencing hearing of June 12, 2008, having previously "recommended a sentence of 10 years in a plea bargain offer." Kotara asks us to conclude that "the recommendation of 25 years was retaliation for not entering a plea of guilty."

The only authority Kotara cites in support of this claim is *San Roman v. State*, in which the El Paso Court of Appeals held that "[w]henever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." 815 S.W.2d 785, 789 (Tex. App.–El Paso 1991, no pet.). This does not apply, however, to plea bargain offers made by the State. Indeed, the State notes correctly that "a plea may be induced by promise of recommendation of a lenient sentence or a reduction of charges, and . . . it is also permissible, in the plea context, to confront a defendant with a risk of more severe punishment." *Sterling v. State*, 791 S.W.2d 274, 278 (Tex. App.–Corpus Christi 1990, pet. ref'd) (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). Kotara has not established that the prosecutor committed misconduct in the instant case. His fourth issue is overruled.

## III. CONCLUSION

We affirm the judgment of the trial court.

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 21st day of May, 2009.

9