**Randall Norman KELLAR, Appellant,**

v.

**The STATE of Texas.**

**No. 2099–01.**

Court of Criminal Appeals of Texas, En Banc.

June 18, 2003.

J. Robert Miller, Jr., Dallas, for Appellant.

Anne B. Wetherholt, Asst. DA, Dallas, Matthew Paul, State's Atty., Austin, for State.

WOMACK, J., delivered the opinion for a unanimous Court.

This case presents the issue whether, in an aggregated theft case, each separate theft must be specifically alleged in the charging instrument. We hold that, under Penal Code section 31.09, the indictment must allege only aggregation, not the specific acts of theft.

The appellant was vice president of two companies, Preview Video Sales, Inc. and Movies 4 Sale, Inc., and also ran the companies' business operations. Greg Pabich, who was the majority stockholder, chairman of the board, and president of both companies, suspected the appellant of stealing money in the course of his accounting duties. When Pabich confronted the appellant with the details of his suspicions, the appellant admitted to stealing about $25,000. Pabich fired the appellant and agreed not to seek reimbursement so long as the appellant did not compete with the companies. After he learned that the amount stolen was about $250,000 and that the appellant had violated the no-compete agreement, Pabich filed a civil lawsuit and a criminal complaint against the appellant. The grand jury presented an indictment alleging that:

> on or about and between January 1, A.D., 1993[,] and March 31, A.D., 1995, Randall Norman Kellar, defendant, did, pursuant to one scheme and continuing course of conduct, intentionally and knowingly, unlawfully appropriate property, to wit: money, cash and bank account funds, the aggregate value of which was $100,000 or more without the effective consent of Preview Video Sales, Inc. or Movies 4 Sale, Inc., the owners of the property, and with the intent to deprive the said owners of the said property[.]

The appellant filed a motion to quash the indictment, alleging that because the indictment failed to state "specifically each separate alleged offense or theft, by date, alleged complainant, amount, location and type of property taken," he was deprived of the opportunity to adequately prepare a defense. The trial court denied the motion.

The appellant waived his right to trial by jury, and the court convicted him of the lesser-included offense of theft of property valued at more than $20,000, but less than $100,000. He was sentenced to ten years' imprisonment, probated for ten years. The court of appeals affirmed the trial court's judgment, holding that the indictment was not defective in failing to allege each separate theft.[1] We granted review to determine whether the court of appeals erred in its holding that the trial court's denial of the motion to quash was not error. We affirm the judgment of the court of appeals.

---

1. *Kellar v. State,* No. 05–99–01963–CR, 2001 WL 969254 (Tex.App.-Dallas August 28, 2001) (not designated for publication).

■ Penal Code section 31.09, "Aggregation of Amounts Involved in Theft," provides:

When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense.

In *Turner v. State,* 636 S.W.2d 189, 196 (Tex.Crim.App.1980), we held that the "condition [that amounts be obtained 'pursuant to one scheme or continuing course of conduct'] is an element of the offense [under section 31.09] which the defendant may require the State to plead and the court to charge the jury." We discussed this holding in *Whitehead v. State,* 745 S.W.2d 374 (Tex.Crim.App.1988):

The *Turner* result arises from the rule that everything that must be proved must be pleaded in the indictment. Since the State may aggregate the values of particular items of property only if that property was taken during a continuing course of conduct, *the State must allege that the property was so taken in the indictment.* Thus, according to *Turner, supra,* the allegation that the values of the property taken were aggregated because that property was taken pursuant to a continuing course of conduct *is an element of the offense and must be included in the indictment.* ... Moreover, since Art. 31.09, *supra,* says that "the conduct may be considered as one offense," each separate theft need not be alleged. Rather, the offense may be

aggregated according to Art. 31.09, supra, as long as the offenses were committed pursuant to the same scheme or one continuous course of conduct, and the proper allegations are included in the charging instrument.

(emphasis in original) (citations omitted).

The appellant cites *Washington v. State,* 909 S.W.2d 577 (Tex.App.-Corpus Christi 1995, no pet.), in which the court of appeals asserted, in dicta, that *"Turner* holds that aggregation is only allowed under Tex. Penal Code Ann. Sec. 31.09 and that each theft must be pleaded." The latter clause of the statement is an incorrect interpretation of *Turner.* In a case of aggregated theft under 31.09, the indictment must allege the "continuing course of conduct" element, but there is no pleading requirement that it include the specific acts of theft that are aggregated. Here, the indictment, by its language "pursuant to one scheme and continuing course of conduct," satisfied the requirements of section 31.09.

■ While the statute does not require the level of specificity in an indictment urged by the appellant, a defendant does have a constitutional right to sufficient notice so as to enable him to prepare a defense.[2] However, this due process requirement may be satisfied by means other than the language in the charging instrument. When a motion to quash is overruled, a defendant suffers no harm unless he did not, in fact, receive notice of the State's theory against which he would have to defend.[3] The record in this case

---

**2.** *See* TEX. CONST. art. I, § 10; *Thomas v. State,* 621 S.W.2d 158 163 (Tex.Crim.App. 1981) ("The motion to quash will be granted where the language concerning the defendant's conduct is so vague or indefinite as to deny the defendant effective notice of the acts he allegedly committed").

**3.** *See* TEX.CODE CRIM. PROC. art 21.19 ("An indictment shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect of form which does not prejudice the substantial rights of the defendant"); *Adams v. State,* 707 S.W.2d 900 (Tex.Cr.App.1986).

clearly shows that the appellant had actual notice of the specific instances of theft upon which the State was basing its allegations. In a series of pretrial hearings, the prosecutor agreed to provide the defense with information related to the individual transactions that were aggregated in the indictment. Defense counsel had access to four binders containing documentation of 149 transactions showing instances of theft by the appellant. Furthermore, the State filed a document entitled "State's Answer to Pretrial Rulings and Notice of Extraneous Conduct," which included an itemized list of transactions upon which the State intended to rely. The list showed the date, check number, and amount of each transaction and a specific range of dates during which the transactions occurred. The State later amended its filing to provide notice of additional transactions that it intended to use in its case-in-chief, itemizing them in the same way. Finally, the State filed notice that it had filed with the court clerk bound copies of business records and affidavits to be introduced as evidence at trial. Given the extensive and detailed discovery that occurred prior to trial, the appellant had ample notice in addition to that provided by the indictment.

Because each separate theft need not be alleged in an indictment charging aggregated theft under section 31.09, and because there was no violation of constitutional notice requirements in this case, the trial court properly overruled the appellant's motion to quash. The court of appeals did not err in affirming the trial court's ruling. The judgment of the court of appeals is affirmed.