NUMBER 13-03-276-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

MARIA M. CABALLERO,                                                    Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 197th District Court of Cameron County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Castillo, and Garza
Memorandum Opinion by Justice Garza
 
Following a plea of nolo contendere, appellant, Maria de Jesus Caballero, was
convicted of aggravated promotion of prostitution, a felony offense, and sentenced to five
years’ imprisonment. See Tex. Penal Code Ann. § 43.04 (Vernon 2003). The trial court
suspended the sentence and placed appellant on community supervision for five years. 
The trial court has certified that this is a plea-bargain case but appellant has the right to
appeal matters raised in pre-trial motions. See Tex. R. App. P. 25.2(2). By four issues,
appellant complains that the trial court erroneously denied her motions to (1) quash the
indictment, (2) suppress her statement to police officers, and (3) suppress the contents of
her purse. For the reasons that follow, we affirm appellant’s conviction. 
I. Motion to Quash Indictment 
In her first issue, appellant argues that the trial court erred by denying her motion
to quash the indictment. The sufficiency of an indictment is a question of law and is
reviewed de novo. State v. Moff, 154 S.W.3d 599, 601(Tex. Crim. App. 2004) (relying on
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). The indictment must be
specific enough to inform the defendant of the nature of the accusations against him so
that he may prepare a defense, id.; however, this due process requirement may be
satisfied by means other than the language in the charging instrument, Kellar v. State, 108
S.W.3d 311, 313 (Tex. Crim. App. 2003). When a motion to quash is overruled, a
defendant suffers no harm unless he did not, in fact, receive notice of the State’s theory
against which he would have to defend. Id.
The indictment in this case alleges that “on or about the 12th day of June 2002 . .
. in the County of Cameron and State of Texas, [appellant] did then and there knowingly
own, invest in, finance, control, supervise, or manage a prostitution enterprise that used
at least two prostitutes.” In her motion to quash, appellant argued that the indictment was
insufficient because the State’s evidence could not establish that she committed the
offense of aggravated promotion of prostitution.  
We conclude that the trial court did not err by denying appellant’s motion to quash. 
The language of the indictment tracked that of the relevant penal code section. See Moff,
154 S.W.3d at 602 (“[O]rdinarily, an indictment is legally sufficient if it delineates the penal
statute in question.”). Furthermore, appellant’s motion to quash failed to allege that she
lacked notice of the State’s theory of the offense. See Kellar, 108 S.W.3d at 313. 
Appellant’s first issue is therefore overruled. 
II. Motions to Suppress 
In her second and third issues, appellant contends that the trial court erred by
denying her motion to suppress the statement she made to police following her arrest. In
her fourth issue, appellant contends that the trial court erred by denying her motion to
suppress the contents of her purse. The State argues that the motions were properly
denied. 
A motion to suppress evidence is nothing more than a specialized objection to the
admissibility of evidence. Hodges v. State, 116 S.W.3d 289, 295 (Tex. App.—Corpus
Christi 2003, pet. ref’d) (citing Galitz v. State, 617 S.W.2d 949, 952 n.10 (Tex. Crim. App.
1981)). At a hearing on a motion to suppress, the trial court is the sole judge of the
credibility of the witnesses. Freeman v. State, 723 S.W.2d 727, 729 (Tex. Crim. App.
1986). On appeal, the evidence is viewed in the light most favorable to the court’s ruling. 
Armendariz v. State, 123 S.W.3d 401, 402 n.1 (Tex. Crim. App. 2003). Although we defer
to the trial court’s findings of historical fact based on credibility and demeanor, we apply
a de novo review to a trial court’s determination of reasonable suspicion and probable
cause. Zayas v. State, 972 S.W.2d 779, 787 (Tex. App.—Corpus Christi 1998, pet. ref’d);
see also Guzman, 955 S.W.2d at 89. In cases such as this, where constitutional errors are
alleged, an appellate court cannot reverse a conviction if it concludes beyond a reasonable
doubt that the errors did not contribute to the conviction. Tex. R. App. P. 44.2(a). 
Although the trial court denied appellant’s motions to suppress, the State never
introduced into evidence the written statement appellant made to police or the contents of
appellant’s purse, which were the subjects of appellant’s motions. Accordingly, we
conclude beyond a reasonable doubt that the trial court’s errors, if any, in denying the
motions to suppress did not contribute to appellant’s conviction. See id. 
In passing, we note that both the statement made by appellant and the contents of
appellant’s purse were referenced by other evidence produced by the State. For instance,
the State offered into evidence police reports which described the contents of appellant’s
purse and the statement made by appellant after she was arrested. All the evidence
offered by the State, however, was admitted without any objections from appellant. In fact,
appellant’s counsel affirmatively stated that he had “no objection” to the evidence offered
by the State. Consequently, any error in the admission of this evidence was waived at trial. 
See Tex. R. App. P. 33.1(a).


 Appellant’s second, third, and fourth issues are overruled. 
          The judgment of the trial court is affirmed.  
                                                                           _______________________
DORI CONTRERAS GARZA,
                                                                           Justice
 
Do not publish. 
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered and 
filed this the 5th day of May, 2005.