**Philip MUNGIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–05–00167–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 30, 2006.

Joseph R. Willie, II, Willie & Associates, Houston, TX, for Appellant.

Dan McCrory, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices JENNINGS, ALCALA and HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

Appellant, Philip Mungin, pleaded nolo contendere to the misdemeanor offense of aggregate theft of more than $50.00 and less than $500.00. The trial court accepted the plea and assessed punishment at four days' confinement in the Harris County Jail. In his sole issue, appellant contends the trial court erred by denying appellant's motion to quash the information because it fails to (1) charge a penal offense in plain and intelligible words, (2) charge a penal offense under Texas law, and (3) allege the specific intent necessary for theft.

We affirm.

## STANDARD OF REVIEW

The adequacy of an indictment is a question of law. *State v. Moff,* 154 S.W.3d 599, 601 (Tex.Crim.App.2004). Because this question of law does not turn on the evaluation of the credibility and demeanor of a witness, the trial court is not in a better position to make this determination, so we will conduct a *de novo* review of the issue. *Id.* (stating that appellate courts should conduct a *de novo* review when reviewing a trial court's decision to quash an indictment); *Yanes v. State,* 149 S.W.3d 708, 709 (Tex.App.-Austin 2004, pet. ref'd).

## DISCUSSION

In his sole issue, appellant complains that the information does not sufficiently state what "scheme or continuing course of conduct" appellant allegedly committed, and thus, he was unable to prepare a

proper defense. The information alleges that appellant

> on or about January 6, 2004 continuing through February 11, 2004, did then and there unlawfully pursuant to one scheme and continuing course of conduct, appropriate, by acquiring and otherwise exercising control over property, namely, cash money, owned by Susan Moore–Fontenot, hereafter styled the Complainant, with the intent to deprive the Complainant of the property and the total value of the property appropriated was over fifty dollars and under five hundred dollars.

(Emphasis omitted.)

█ A motion to quash should be granted only where the language concerning the defendant's conduct is so vague or indefinite as to deny the defendant notice of the acts he allegedly committed. *Id.* (citing *DeVaughn v. State,* 749 S.W.2d 62, 67 (Tex.Crim.App.1988)). Ordinarily, an indictment is of legally sufficient specificity if it tracks the words of the statute defining the offense. *Moff,* 154 S.W.3d at 602.

Section 31.09 of the Texas Penal Code provides that "[w]hen amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense." TEX. PEN.CODE ANN. § 31.09 (Vernon 2003).

█ In *Kellar v. State,* the Court of Criminal Appeals addressed the very issue at hand. 108 S.W.3d 311 (Tex.Crim.App. 2003). The court addressed whether, in an aggregated theft case, each separate theft must be specifically alleged in the charging instrument. *Id.* at 312. The court stated

> [i]n a case of aggregated theft under 31.09, the indictment must allege the 'continuing course of conduct' element, but there is no pleading requirement

that it include the specific acts of theft that are aggregated. Here, the indictment, by its language 'pursuant to one scheme and continuing course of conduct,' satisfied the requirements of section 31.09.

*Id.* at 313. This language controls the present case. Here, the information's allegations that the thefts were committed pursuant to "one scheme and continuing course of conduct" satisfied the requirements of section 31.09 because it sufficiently tracked the language of section 31.09. *See id.* We conclude the information provided appellant with effective notice to properly prepare a defense and overrule appellant's first ground of error. *Moff,* 154 S.W.3d at 602. We further note that the information tracks the language of section 31.09 and thus charges a penal offense under Texas law. Accordingly, we need not address appellant's second argument that the information fails to charge a penal offense under Texas law.

█ In regard to his contention that the information is defective because it fails to allege the specific intent necessary for theft, we note that appellant did not object to this defect at trial. Because this contention may not be raised for the first time on appeal, we will not address this argument. Article 1.14(b) of the Texas Code of Criminal Procedure specifically provides that if a defendant does not object to defects, errors, or irregularities of form or substance in an information before trial commences, he waives and forfeits the right to raise such an objection or complaint on appeal. TEX.CODE CRIM. PROC. ANN art. 1.14(b) (Vernon 2005). We overrule appellant's third ground of error.

Accordingly, we affirm the judgment of the trial court.