Opinion filed July 12, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed July 12, 2007       

 

 

 

 

 

                                                                                                                                 
In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00345-CR 

                                                    __________

 

                             LISA WILKES-RICHARDSON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 238th District Court

 

                                                        Midland County, Texas

 

                                                 Trial
Court Cause No. CR30007

 



 

                                                                   O
P I N I O N

 

Lisa
Wilkes-Richardson was indicted on one count of theft by general deception and
four counts of forgery by making a check. 
The jury convicted appellant of Count I (theft by general deception) and
of Counts II and IV (forgery by making a check).  The trial court assessed punishment at twelve
months confinement in a state jail facility for each offense.  We affirm.








In her
first issue on appeal, appellant complains that the trial court erred in
denying her motion for continuance.  Tex. Code Crim. Proc. Ann. art. 29.03
(Vernon 2006) allows a criminal action to be continued on the written motion of
the State or a defendant upon a showing of sufficient cause.  The granting or denying of a motion
for continuance is within the sound discretion of the trial court.  Renteria v. State, 206 S.W.3d 689, 699
(Tex. Crim.
App. 2006); Janecka v. State, 937 S.W.2d 456, 468 (Tex. Crim. App.
1996); Heiselbetz v. State, 906 S.W.2d 500, 511‑12 (Tex. Crim.
App. 1995).  A defendant must show Aspecific prejudice to his defense@ to establish that the trial court
abused its discretion in refusing to grant a continuance. Renteria, 206
S.W.3d at 699.  

The cause was set for trial on August 8,
2005.  A hearing was held on appellant=s motion for continuance on July
27.  At the hearing, appellant stated
that she received the State=s
first amended witness list on July 18 and the State=s
second amended witness list on July 20. 
Appellant argued that the witness lists included witnesses not previously
named and that that was Agoing
to change the whole complexion of our case.@  Appellant also argued that the additional
witnesses could extend the length of the trial and create a conflict for her
expert witness.  Appellant sought more
time for investigation and preparation for the additional witnesses and also to
obtain phone records that could be exculpatory. 

The State argued at the hearing that appellant was
provided a witness list months before trial and that the amended lists were
provided in advance of the ten days prior to trial as required by the trial
court.  The State also noted that
appellant named most of the additional witnesses in her deposition and that the
State had given verbal notice of another additional witness well in advance of
trial.  The State also had an Aopen file@
policy in which appellant could have reviewed information on the additional
witnesses.  

The trial court noted that appellant should have
been aware of the additional witnesses. 
The trial court further stated that it was Aprepared
to take remedial action@
to help appellant prepare for the additional witnesses.  The trial court further stated that it would
accommodate the schedules of appellant=s
witnesses as much as possible.  

During trial, appellant conducted a thorough
cross-examination of the State=s
witnesses, and appellant called an expert witness to testify in her
defense.  Appellant has not shown a
specific prejudice to her defense from the trial court=s
denial of her motion for continuance. 
Appellant=s first
issue on appeal is overruled.








In her second issue on appeal, appellant argues
that the trial court erred in denying her motion  to quash the indictment.   Appellant complains that Count I of the
indictment is so vague that she did not have notice of the particular offense
for which she is charged.  

The sufficiency of an indictment is a question of
law.   State v. Moff, 154 S.W.3d
599, 601 (Tex.
Crim. App. 2004).  Therefore, we review a
trial court=s ruling
on a motion to quash the indictment de novo. 
Id.
at 601.   An accused in a criminal case
is guaranteed the right to demand the nature and cause of the action against
him.   DeVaughn v. State, 749
S.W.2d 62, 67 (Tex. Crim. App. 1988).  A
charging instrument that tracks the language of a criminal statute generally
possesses sufficient specificity to provide a defendant with notice of a
charged offense.   State v. Edmond, 933 S.W.2d
120, 128 (Tex. Crim. App. 1996).  A
motion to quash an indictment should be granted only when the language
regarding the accused=s
conduct is so vague or indefinite that it fails to give the accused adequate
notice of the acts he allegedly committed.  
DeVaughn, 749 S.W.2d at 67.

Count I of the indictment alleges that appellant:

[O]n
or about the 1st day of January A.D., 2004 to the 6th day of May A.D.,
2004  . . . did then and there by
deception, unlawfully acquire and exercise control over property, to-wit: money
and currency of the United States of America of the total value of fifteen
hundred dollars or more but less than twenty thousand dollars without the
effective consent of said Thomas R. Minihan, Jr., the owner thereof, and with
intent to deprive the said owner of the said property.  

 

Tex. Penal Code Ann.
' 31.03(a) (Vernon Supp. 2006) provides
that a person commits theft if he Aunlawfully
appropriates property with intent to deprive the owner of property.@  Tex. Penal Code Ann. ' 31.03(b)(1) (Vernon Supp. 2006) states
that appropriation of property is unlawful if Ait
is without the owner=s
effective consent.@      

The indictment alleges that appellant committed
the offense between the dates of January 1, 2004, and May 6, 2004.  Tex.
Penal Code Ann. '
31.09  (Vernon 2003) allows amounts
obtained pursuant to one scheme or a continuing course of conduct to be
considered as one offense and allows the amounts to be aggregated in
determining the grade of the offense. 
Offenses aggregated pursuant to Section 31.09 need not be alleged as a
separate offense.  Kellar v. State,
108 S.W.3d 311, 313 (Tex.
Crim. App. 2003).  








A defendant has a constitutional right to
sufficient notice so as to enable him to prepare a defense.  Id.    However, this due process requirement may
be satisfied by means other than the language in the charging instrument.  Id.  When a motion to quash is overruled, a
defendant suffers no harm unless he did not, in fact, receive notice of the
State=s theory against
which he would have to defend.  Id.  

At the hearing on the motion to quash, the State
noted that appellant had notice of the State=s  theory of the case relating to Count I of the
indictment Asince day
one.@  The State informed the trial court and
appellant of the State=s
theory concerning Count I and what the State intended to prove. Appellant=s attorney admitted that she had notice
of the State=s
theory.  Appellant has not shown that she
did not have adequate notice of the allegations against her in Count I of the
indictment.  Appellant=s second issue on appeal is overruled.

In her third issue on appeal, appellant contends
that the trial court erred in Athe
rendition of the written judgments in Counts I, II, & IV.@ 
The trial court assessed punishment at twelve months confinement in a
state jail facility for each offense. 
During the oral pronouncement of the sentence, the trial court stated
that the A[c]ourt
retains jurisdiction of this matter under [Tex.
Code Crim. Proc. Ann. art. 42.12 (Vernon 2006)] for a period of 90 days
from the date of execution of the sentence.@  The written judgments do not state that the
trial court would retain jurisdiction over the cause.[1]  Appellant argues that the written judgments
should be reformed to reflect the trial court=s
statement concerning jurisdiction.  

Article 42.12, section 15(f)(2) states that the
trial court Aretains
jurisdiction over the defendant for the period during which the defendant is
confined to a state jail.@  Therefore, it was not necessary that the
judgments contain a statement that the trial court retained jurisdiction over
the matter.  Appellant=s third issue on appeal is overruled.








In her fourth issue on appeal, appellant complains
that the evidence is legally and factually insufficient to support her conviction.  In order to determine if the evidence is
legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App.
2000).  To determine if the evidence is
factually sufficient, the appellate court reviews all of the evidence in a
neutral light.  Watson v. State,
204 S.W.3d 404 (Tex. Crim. App. 2006) (overruling in part Zuniga v. State,
144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1,
10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08
(Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996).  Then, the reviewing court
determines whether the evidence supporting the verdict is so weak that the
verdict is clearly wrong and manifestly unjust or whether the verdict is
against the great weight and preponderance of the conflicting evidence.  Watson, 204 S.W.3d at 414-15;  Johnson, 23 S.W.3d at 10-11.  We review the fact-finder=s weighing of the evidence and cannot
substitute our judgment for that of the fact-finder.  Cain, 958 S.W.2d at 407; Clewis,
922 S.W.2d at 135.  Due deference must be
given to the jury=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson, 23 S.W.3d at
9; Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).  This court has the authority to disagree with
the fact-finder=s
determination Aonly when
the record clearly indicates such a step is necessary to arrest the occurrence
of a manifest injustice.@  Johnson, 23 S.W.3d at 9.

 Star
Drilling is owned by Thomas Minihan Jr., Jana Rich Garcia, Sherry Minihan,
David Minihan, and John Rich.  Thomas
Minihan Sr. serves as a consultant for Star Drilling and manages the
company.  Thomas Minihan Sr. owned
Minihan Oil & Gas, which was located in the same office building as Star
Drilling.  Appellant began working for
Star Drilling in January 2001 as a bookkeeper. 
Appellant received a gross salary of $2,225 per month from Star Drilling
and $575 per month from Minihan Oil & Gas. 
Star Drilling paid appellant $1,026.92 biweekly.  

Advantage Payroll Services processed the payroll
for Star Drilling until January 1, 2004. 
At that time, appellant began processing the payroll for Star
Drilling.  Beginning January 2, 2004,
appellant began paying herself $1,431.28 biweekly.  Appellant overpaid herself approximately $809
per month.  Appellant continued to
overpay herself each pay period, and she resigned May 6, 2004, after being
confronted about the overpayment.  The
continued overpayment exceeded $1,500.








Appellant testified at trial that Patrick J.
Sheehan, a certified public accountant who performed services for Star
Drilling, authorized a pay raise for appellant. 
Appellant stated that she received a raise for the additional
responsibility of processing payroll. 
Sheehan testified that he was not an employee of Star Drilling and that
he did not have the authority to give appellant a pay raise.  Thomas Minihan Sr. testified that Sheehan was
not authorized to give appellant a raise. 
Thomas Minihan Sr. further testified that he did not authorize a raise
for appellant and that appellant was not authorized to give herself a raise. 

Count I of the indictment alleged that appellant
committed the offense of theft by deception between January 1, 2004, and  May 6, 2004. 
Section 31.09 allows  a continuing
course of conduct to be considered as one offense and for the amounts to be
aggregated. In a case of aggregated theft under Section 31.09, the indictment
must allege the Acontinuing
course of conduct@
element.  Kellar, 108 S.W.3d at
313.  A hypothetically correct jury
charge in this case would have included the Acontinuing
course of conduct@ element
required by Section 31.09.  Measured
against a hypothetically correct jury charge, the evidence was legally and
factually sufficient to convict appellant of the offense of theft by
deception.   Malik v. State, 953
S.W.2d 234 (Tex. Crim. App. 1997).

Jana testified at trial that she and Thomas
Minihan Jr. were authorized to sign checks on behalf of Star Drilling.  Appellant was not authorized to sign checks
on the Star Drilling account.  Jana
viewed several checks written on the account of Star Drilling at trial that
contained her signature.  Jana confirmed
that the checks had her name on the signature line but stated that the
signature was not her signature.  Checks
Nos. 6529 and 7437 were included in those checks. 

Check No. 6529 was made out to appellant and
endorsed by appellant.  Appellant
acknowledged that the check was endorsed by her or by someone on her behalf and
that the money was deposited or cashed by her or on her behalf.  Mel Francis, a handwriting expert with the
Midland Police Department, testified that the signature on Check No. 6529 was
not that of Jana Rich.  Francis further
testified that appellant=s
signature was on the endorsement of the check.  
Francis could not determine whether appellant signed Jana=s name on the signature line of the check.

Appellant took checks to Jana for Jana to sign
them.  Jana would also sign blank checks
for appellant to use for office expenses. 
Appellant testified that she had access to the checks on the Star
Drilling account and that she also had access to the signed blank checks.  There was testimony that appellant used
company checks to pay her personal bills. 









A copy of Check No. 7437 was made out to
Cyberlights.  The actual Check No. 7437
was made out to appellant and endorsed by appellant.  Cristal Lynn Firestone, the owner of Cyberlights,
testified that she never received Check No. 7437 from Star Drilling.   

Appellant testified at trial that she made out
Check No. 7437 for $1,000 to Cyberlights as an advance for work done on the
Star Drilling website.  Appellant told
Firestone to fax an invoice to Star Drilling. 
Appellant copied the check and gave instructions to another employee to
type out the check to Cyberlights when the invoice came.  When appellant returned to work, the check
was still on her desk.  Appellant then
used the check to pay herself a $1,000 advance. 
Appellant testified that Thomas Minihan Sr. approved the advance.  

Appellant testified that she wrote in the cash
journal that Check No. 7437 was paid to Cyberlights.  The general ledger also showed that Check No.
7437 was paid to Cyberlights. Appellant did not correct the ledgers to reflect
that the check was paid to her.   Thomas
Minihan Sr. testified that he did not authorize an advance for appellant on the
date Check No. 7437 was written. 
Firestone also testified that she never told appellant that she needed
an advance and that she always bills Star Drilling after completion of the
work. 

Viewing the evidence in the light most favorable
to the verdict, the jury could have found that appellant made or completed a
writing purported to be the act of Jana or that appellant passed and
transferred Check Nos. 6529 and 7437 with the knowledge that the checks were
forged.  The evidence supporting the
verdict is not so weak that the verdict is clearly wrong and manifestly unjust.
Measured against a hypothetically correct jury charge, the evidence was legally
and factually sufficient to convict appellant of the offense of forgery by
making a check.   Malik, 953
S.W.2d at 240.   Appellant=s fourth issue on appeal is overruled.

The judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

July 12, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of: Wright, C.J.,

McCall,
J., and Strange, J.











[1]We note that, in its written judgments, the trial court
found appellant guilty of forgery by making a check as alleged in Count III of
the indictment.  The jury acquitted appellant
of this offense.  The jury convicted
appellant of forgery by making a check as alleged in Count II of the
indictment.  The trial court entered a
judgment nunc pro tunc on March 3, 2006, to correct the error.