

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-09-102-CR

ROXANNA MARIE BLEVINS

APPELLANT

V.

THE STATE OF TEXAS

STATE

-----------

### FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

-----------

## MEMORANDUM OPINION[1]

-----------

In one point, appellant Roxanna Marie Blevins appeals her conviction for possessing with the intent to deliver between four and two hundred grams of methamphetamine.[2] We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Health & Safety Code Ann. §§ 481.102(6), .112(a), (d) (Vernon Supp. 2009).

## Background Facts

In December 2008, the State filed an indictment that accused Blevins of possessing methamphetamine in an amount between four and two hundred grams with the intent to deliver the drugs.[3] That indictment contained enhancement paragraphs that alleged that Blevins had already been convicted of two other felony drug offenses.[4]

On December 30, 2008, the trial court held a pretrial hearing in which the following colloquy occurred in Blevins's presence:

> [THE COURT:] I understand [Blevins's counsel] has raised an issue that he -- that his client has not been served with the indictment.
> Does the State want to take care of that?
>
> . . . .
>
> [THE STATE]: Your Honor, what would typically be the Defendant's copy of the indictment is not in the shuck. That suggests to me that it's between her and the jail if she hasn't already been served.

---

[3] The record reflects that Blevins had been previously indicted for a different charge that did not include the allegation that she intended to deliver the methamphetamine.

[4] *See* Tex. Penal Code Ann. § 12.42(d) (Vernon Supp. 2009) (providing that when a defendant is charged with a felony other than a state jail felony and has been previously convicted of two other felonies, "on conviction he shall be punished by imprisonment . . . for life, or for any term of not more than 99 years or less than 25 years").

2

[DEFENSE COUNSEL]:  Your Honor, I think that's the copy I picked up.

Was that the white copy?

[THE STATE]:  (Indicates by nodding head.)

[DEFENSE COUNSEL]:  Yeah, I picked up the white copy. When Mitizi called me, I couldn't figure out the numbers in the cases.  When I came over here the day before Christmas, I picked up the white copy.

[THE STATE]:  Well, Your Honor, we'll get her a copy of the indictment today.  We don't have it here.  I could go run and make one, but I'll represent to the Court she'll be served by the deputies directly after this hearing.

THE COURT:  Okay.  So that takes care of that.

Blevins's trial began on January 12, 2009.  Before voir dire of the jury panel started, when the trial court asked the parties whether they were ready to proceed, they discussed an issue related to the indictment but neither party stated whether Blevins had been served with it.  Then, when the trial court directed the State to formally read the indictment to Blevins, her counsel stated, "Your Honor, we will waive the reading.  We have had it for a long time."

Blevins pled not guilty before the jury, but after the parties presented their evidence and arguments, the jury convicted Blevins.  The trial court found the indictment's enhancement paragraphs to be true and assessed Blevins's punishment at fifty years' confinement.  Blevins filed a motion for new trial, which the trial court denied, and Blevins filed notice of this appeal.

3

**The State's Serving the Indictment**

In one point, Blevins asserts that the trial court erred by failing to provide her with a copy of her indictment. Blevins relies solely on a provision of the Texas Constitution that states, "In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof." Tex. Const. art. I, § 10; *see DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988).

Blevins alleges that although she requested service of the indictment that formed the basis of her conviction, the State never delivered the indictment to her. But the record does not affirmatively establish that the State did not serve Blevins with her indictment,[5] and the record does show that Blevins's counsel obtained the copy of the indictment to be served upon Blevins approximately three weeks before trial began but that the State nonetheless represented that it would serve Blevins with the indictment on December 30, 2008. The record

---

[5] In her brief, Blevins cites the entire clerk's record in an attempt to show that she was not served with the indictment. But documents related to an indictment's service are not specifically required to be included in an appellate record under the rules of appellate procedure. *See* Tex. R. App. P. 34.5(a). Blevins has not directed us to any other law that requires such documents to be so included, and the record does not show that Blevins asked the trial court clerk to include documents related to the indictment's service. *See* Tex. R. App. P. 34.5(b).

also reveals that Blevins was familiar with the charges against her because of the manner in which she waived the State's reading of the indictment. *See Kellar v. State*, 108 S.W.3d 311, 313 & n.2 (Tex. Crim. App. 2003) (citing the constitutional provision at issue in this case and explaining that a "defendant suffers no harm unless he did not, in fact, receive notice of the State's theory against which he would have to defend").

Because the record does not support Blevins's claim that she did not receive a copy of the indictment against her, we overrule her only point.

## Conclusion

Having overruled Blevins's only point, we affirm the trial court's judgment.

TERRIE LIVINGSTON
JUSTICE

PANEL: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 1, 2010