COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                        NO. 2-09-102-CR

 

 

ROXANNA MARIE BLEVINS                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 78TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

In one point, appellant Roxanna Marie Blevins
appeals her conviction for possessing with the intent to deliver between four
and two hundred grams of methamphetamine.[2]  We affirm. 








Background
Facts

In December 2008, the State filed an indictment
that accused Blevins of possessing methamphetamine in an amount between four
and two hundred grams with the intent to deliver the drugs.[3]  That indictment contained enhancement
paragraphs that alleged that Blevins had already been convicted of two other
felony drug offenses.[4]

On December 30, 2008, the trial court held a
pretrial hearing in which the following colloquy occurred in Blevins=s presence:

[THE
COURT:]  I understand [Blevins=s counsel] has raised an issue that he -- that his client has not been
served with the indictment.

Does the State
want to take care of that?

 

. . . .

 

[THE
STATE]:  Your Honor, what would typically
be the Defendant=s copy of the indictment is not in the shuck. That suggests to me
that it=s between her and the jail if she hasn=t already been served.

 








[DEFENSE
COUNSEL]:  Your Honor, I think that=s the copy I picked up.

Was that the
white copy?

 

[THE
STATE]:  (Indicates by nodding head.)

 

[DEFENSE
COUNSEL]:  Yeah, I picked up the white
copy. When Mitizi called me, I couldn=t figure out
the numbers in the cases.  When I came
over here the day before Christmas, I picked up the white copy.

 

[THE
STATE]:  Well, Your Honor, we=ll get her a copy of the indictment today.  We don=t have it
here.  I could go run and make one, but I=ll represent to the Court she=ll be served
by the deputies directly after this hearing.

 

THE
COURT:  Okay.  So that takes care of that.

 

Blevins=s trial began on January 12, 2009.  Before voir dire of the jury panel started,
when the trial court asked the parties whether they were ready to proceed, they
discussed an issue related to the indictment but neither party stated whether
Blevins had been served with it.  Then,
when the trial court directed the State to formally read the indictment to
Blevins, her counsel stated, AYour Honor, we will waive the reading.  We have had it for a long time.@

Blevins pled not guilty before the jury, but
after the parties presented their evidence and arguments, the jury convicted
Blevins.  The trial court found the
indictment=s
enhancement paragraphs to be true and assessed Blevins=s punishment at fifty years= confinement. 
Blevins filed a motion for new trial, which the trial court denied, and
Blevins filed notice of this appeal.








The State=s Serving the Indictment

In one point, Blevins asserts that the trial
court erred by failing to provide her with a copy of her indictment.  Blevins relies solely on a provision of the
Texas Constitution that states, AIn all criminal prosecutions the accused shall
have a speedy public trial by an impartial jury.  He shall have the right to demand the nature
and cause of the accusation against him, and to have a copy thereof.@  Tex.
Const. art. I, '
10; see DeVaughn v. State, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988).

Blevins alleges that although she requested
service of the indictment that formed the basis of her conviction, the State
never delivered the indictment to her. 
But the record does not affirmatively establish that the State did not
serve Blevins with her indictment,[5]
and the record does show that Blevins=s counsel obtained the copy of the indictment to
be served upon Blevins approximately








three
weeks before trial began but that the State nonetheless represented that it
would serve Blevins with the indictment on December 30, 2008.  The record also reveals that Blevins was
familiar with the charges against her because of the manner in which she waived
the State=s
reading of the indictment. See Kellar v. State, 108 S.W.3d 311, 313
& n.2 (Tex. Crim. App. 2003) (citing the constitutional provision at issue
in this case and explaining that a Adefendant suffers no harm unless he did not, in
fact, receive notice of the State=s theory against which he would have to defend@).

Because the record does not support Blevins=s claim that she did not receive a copy of the
indictment against her, we overrule her only point.

Conclusion

Having overruled Blevins=s only point, we affirm the trial court=s judgment. 


 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL: 
LIVINGSTON, GARDNER, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
April 1, 2010











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Health & Safety Code Ann. '' 481.102(6), .112(a), (d) (Vernon Supp. 2009).





[3]The record reflects that Blevins had been previously indicted for a different
charge that did not include the allegation that she intended to deliver the
methamphetamine.





[4]See Tex. Penal Code Ann. ' 12.42(d) (Vernon Supp. 2009) (providing that when a defendant is
charged with a felony other than a state jail felony and has been previously
convicted of two other felonies, Aon conviction
he shall be punished by imprisonment . . . for life, or for any term of not
more than 99 years or less than 25 years@). 





[5]In her brief, Blevins cites the entire clerk=s record in an attempt to show that she was not served with the
indictment.  But documents related to an
indictment=s service are not specifically required to be included in an appellate
record under the rules of appellate procedure. 
See Tex. R. App. P. 34.5(a). Blevins has not directed us to any
other law that requires such documents to be so included, and the record does
not show that Blevins asked the trial court clerk to include documents related
to the indictment=s service.  See Tex.
R. App. P. 34.5(b).