In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00099-CR

                                                ______________________________

 

 

                                   CURTIS LEO WILLIAMS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 8th Judicial District Court

                                                           Hopkins County, Texas

                                                          Trial Court
No. 0819905

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Curtis Leo Williams, proceeding pro
se, appeals his conviction for possession of a controlled substance, namely
marihuana, in an amount more than four ounces but less than five pounds—a state
jail felony.  See Tex. Health & Safety
Code Ann. § 481.121(b)(3) (West 2010).  The State alleged two prior felony
convictions, which elevated the punishment range to a second degree
felony.  See Act of May 29, 1995, 74th Leg., R.S., ch.
318, § 1,
1995 Tex. Gen. Laws 2734, 2735 (amended 2011) (current version at Tex. Penal Code Ann. §
12.42 (West 2011)).  In a related case,
also decided today, Williams has appealed his conviction for possession of a
controlled substance, namely cocaine, in an amount of more than four grams, but
less than 200—a second degree felony.  See Williams v. State, cause number
06-10-00099-CR.  Williams has filed a
single brief, in which he raises six issues common to both of his appeals.  

            We addressed these issues in detail
in our opinion of this date on Williams’ appeal in cause number
06-10-00098-CR.  For the reasons stated
therein, we likewise conclude that error has not been shown in this case.

            We
affirm the trial court’s judgment.

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date
Submitted:          October 17, 2011

Date Decided:             November 3, 2011

 

Do Not Publish






d at a law
firm referred her to White, a false name used by Abdullah throughout his
dealings with Duckett.[1]  Duckett believed that Abdullah was an
attorney and requested his legal assistance. 
Duckett paid Abdullah $2,000.00 upon his promise that he would assist
her in filing a worker’s compensation claim and $1,500.00 for his legal
assistance in filing a medical malpractice lawsuit.  A written agreement between Abdullah and
Duckett assured that the money would be returned if the worker’s compensation claim
was unsuccessful.  

            After
the passage of approximately nine months, it became clear to Duckett that her
claims were not being pursued, and she made a demand for the return of her
money.  Abdullah told Duckett that he
would return $1,500.00 of her money on a set date.  That date passed, but the money was not
returned.  Instead, Duckett received a
letter from Abdullah stating that he “was caught comming [sic] through Harris
County with drugs cocaine” and that the money had been confiscated during the drug
bust.  Abdullah informed Duckett that he
was “behind bars again,” and pleaded for her to send him an additional $100.00.  Becoming concerned, Duckett took this letter
to the police station.  Abdullah had not
been arrested.  Instead, Duckett learned
that Abdullah was a convicted felon out on parole during the time he promised
to pursue her claims.  Detective Kim
Weaver testified that Duckett had been scammed. 


            C.       Analysis


 

            Legal
sufficiency of the evidence is measured by the elements of the offense as
defined by a hypothetically correct jury charge.  Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  The hypothetically correct jury charge “sets
out the law, is authorized by the indictment, does not unnecessarily increase
the State’s burden of proof or unnecessarily restrict the State’s theories of
liability, and adequately describes the particular offense for which the
defendant was tried.”  Id. 
This standard applies “to all trials, whether to the bench or to the
jury.”  Id.

            The
indictment alleged that Abdullah

 

unlawfully
appropriate[d], by acquiring or otherwise exercising control over property,
to-wit:  U.S. Currency, of the
value of $1,500 or more but less than $20,000, from Rosie Duckett
the owner thereof, without the effective consent of the owner, and with intent
to deprive the owner of the property. 

 

            Under the
general theft statute through which Abdullah was charged, the State had the
burden to establish that (1) Abdullah, (2) with intent to deprive the owner (Duckett)
of property, (3) unlawfully appropriated property, (4) without the effective
consent of the owner.  Tex. Penal Code Ann. § 31.03 (West
Supp. 2011); Baker v. State, 986
S.W.2d 271, 274 (Tex. App.—Texarkana 1998, pet. ref’d).  Appropriate means “to acquire or otherwise
exercise control over property other than real property.”  Tex.
Penal Code Ann. § 31.01(4)(B) (West Supp. 2011).  The Texas Penal Code provides that consent is
ineffective if “induced by deception . . . .” Tex.
Penal Code Ann. § 31.01(3)(A) (West Supp. 2011).  Deception includes “failing to correct a
false impression of law or fact that is likely to affect the judgment of
another in the transaction, that the actor previously created or confirmed by
words or conduct, and that the actor does not now believe to be true.”  Tex.
Penal Code Ann. § 31.01(1)(B) (West Supp. 2011).  

            Abdullah
argues that the evidence was insufficient to demonstrate that the currency was
taken without Duckett’s consent.  He
points to Duckett’s testimony stating she gave Abdullah the money freely and
voluntarily pursuant to the signed agreements in exchange for “preparation of …
worker’s compensation” and “legal assistance.” 
To demonstrate that he completed his end of the bargain, Abdullah cites
to Duckett’s testimony that the worker’s compensation claim “was filed, but I
didn’t get no response on it.”  He had
also sent Duckett’s doctor a settlement agreement, which was rejected. 

            Abdullah was
a convicted felon on parole.  Duckett was
introduced to Abdullah through an acquaintance who worked at a law firm.  She mistakenly believed Abdullah was an
attorney with that law firm and requested his legal assistance.  Abdullah’s written agreement to provide legal
services failed to correct her impression. 
Based upon Abdullah’s misrepresentation as to “who he was and what his
ability was to have helped,” Duckett agreed to hire him.  She testified she had been deceived by
Abdullah.  Further, Abdullah was
prohibited by law from attempting to obtain an economic benefit for himself by
contracting to represent Duckett for actions involving her personal injuries.[2]   We find the evidence legally sufficient to
demonstrate that Duckett’s consent to pay the money was ineffective due to
Abdullah’s deception. 

            Yet, “a
claim of theft made in connection with a contract requires proof of more than
an intent to deprive the owner of property and subsequent appropriation of the
property.”  Baker v. State, 986 S.W.2d 271, 274 (Tex. App.—Texarkana 1998, pet.
ref’d).  Neither the mere failure to
perform a contract nor the mere failure “to return or pay back money after
failing to perform a contract, for the performance of which the money was paid
in advance,” are sufficient to establish guilt of theft.  Phares
v. State, 301 S.W.3d 348, 352 (Tex. App.—Beaumont 2009, pet. ref’d).  When alleging theft in connection with a
contract, the State “must prove the defendant did not perform the contract and
knew he was not entitled to the money, not merely that there is a dispute about
the amount rightfully owed.”  Jacobs v. State, 230 S.W.3d 225, 229 (Tex.
App.—Houston [14th Dist.] 2006, no pet.).

            Abdullah was
to assist in filing a medical malpractice lawsuit.  He was also required to achieve a successful
outcome for Duckett on her worker’s compensation or would face the obligation
to return her money.  There is nothing in
the record indicating that the medical malpractice action was filed, and a
successful outcome with the worker’s compensation claim was not achieved.  Nonetheless, Abdullah did not return Duckett’s
money when asked.  Instead, Abdullah sent
Duckett a letter claiming that the money was confiscated as a result of a drug
bust, when, in fact, Abdullah had not been arrested.  A fact-finder could have determined that Abdullah’s
letter was simply an attempt to avoid returning money which he knew he was not
entitled to.  Thus, the evidence was
legally sufficient for a fact-finder to determine beyond a reasonable doubt
that Abdullah, without effective consent, acquired Duckett’s money with intent
to deprive her of it.  

            Abdullah
argues that theft by deception was not charged in the indictment, and a
conviction based on this theory violated his due process rights.  However, because the State did not allege any
particular statutory manner of commission, the hypothetically correct jury
charge included all alternative methods of commission contained in the theft
statute, including theft by deception.  See Geick v. State, 349 S.W.3d 542, 546
(Tex. Crim. App. 2011); Higginbotham v.
State, No. 06-11-00094-CR, 2011 WL 6187139, at *1 n.1 (Tex. App.—Texarkana
Dec. 14, 2011, no pet. h.).   

            We overrule
Abdullah’s first point of error.

 

II.       Abdullah Was Not Harmed by the Overruling
of His Motion to Quash 

 

            We review de
novo a trial court’s denial of a motion to quash.  Lawrence
v. State, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007).  Abdullah filed a motion to quash the State’s
indictment complaining that he had not received effective notice to prepare his
defense “due to the State’s failure to allege in the indictment the method of
appropriation.”  Abdullah was correct
that the indictment did not allege the manner in which he unlawfully
appropriated Duckett’s property.  As we
stated in Askari v. State, Abdullah’s
motion to quash triggered “the State’s duty to further specify the manner of
the alleged unlawful appropriation.”  129
S.W.3d 160, 166 (Tex. App.—Texarkana 2003, pet. ref’d).  “A defendant has a constitutional right to
sufficient notice so as to enable him or her to prepare a defense.”  Hughen
v. State, 265 S.W.3d 473, 481 (Tex. App.—Texarkana 2008), aff’d, 297 S.W.3d 330 (Tex. Crim. App.
2009).

            However, “this
due-process requirement may be satisfied by means other than language in the
charging instrument.”  Kellar v. State, 108 S.W.3d 311, 313
(Tex. Crim. App. 2003); Hughen, 265
S.W.3d at 481.  “When a motion to quash
is overruled, a defendant suffers no harm unless he did not, in fact, receive
notice of the State’s theory against which he would have to defend.”  Kellar,
108 S.W.3d at 313 (Tex. Crim. App. 2003); see
Askari, 129 S.W.3d at 166–67.

            The record
in this case demonstrated Abdullah’s knowledge that the State would use the
theory of theft by deception.  Months
before trial, Abdullah filed a motion “object[ing] to the first indictment to
prohibit the State from using theories of effective concent [sic] was induced
by deception or coercion.”  He also filed
a motion reciting that he was charged with “holding one self [sic] out as a
lawyer” in another court, and arguing that this charge “should have been
included in the original indictment of theft of property; because they are
involving the same act.”  Because
Abdullah was aware that he would be defending the theory of theft by deception
through his impersonation of an attorney, we find that the failure to allege the
manner of illegal appropriation had no detrimental impact on his ability to
present a defense.  See Askari, 129 S.W.3d at 167. 

            We overrule
Abdullah’s last point of error. 

 

III.      Conclusion 

 

            We affirm the trial court’s
judgment. 

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          January
30, 2012         

Date Decided:             January
31, 2012

 

Do Not Publish           

 

 

 

 











[1]While
Duckett only knew Abdullah as Robert White, we refer to Abdullah’s real name in
the remainder of this opinion. 





[2]A
person not licensed to practice law commits the crime of unauthorized practice
of law if, with intent to obtain an economic benefit, they contract with any
person to represent that person with regard to personal causes of action for
personal injury or advise any person as to the person’s rights and the
advisability of making claims for personal injuries.  Tex.
Penal Code Ann. § 38.123 (West 2011).