02-12-060,061-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00060-CR

 

 









 
 
 Leslie
 Schrecengost
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 158th District
 Court
  
 of
 Denton County (F-2010-0665-B)
  
 February
 21, 2013
  
 Opinion
 by Justice Meier
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS 








 

 

 

 

By_________________________________

   
Justice Bill Meier

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00060-CR

NO. 02-12-00061-CR

 

 


 
 
 Leslie Schrecengost
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 158th
District Court OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Leslie Schrecengost appeals his convictions for continuous sexual abuse of a
young child and indecency with a child in cause F-2010-0665-B and continuous
sexual abuse of a young child and sexual assault in cause F-2011-1534-B.  In
two points, Appellant argues that the trial court erred by denying his motions
to quash the two counts alleging continuous sexual abuse of a young child.  We
will affirm.

K.D.
was born in April 1995.  S.B. was born in September 1998.  They share the same
mother (R.S.) but have different fathers.  R.S. never married K.D.’s father,
and after divorcing S.B.’s father, R.S. married Appellant, K.D.’s and S.B.’s
stepfather.  S.B. has a low IQ and is learning disabled.

Appellant
began sexually abusing K.D. when K.D. was thirteen years old.  K.D.’s first
sexual encounter with Appellant occurred after the two smoked marijuana;
Appellant told K.D. that he would have to have sex with him if he wanted more
marijuana.  Between April and November 2008, Appellant penetrated K.D.’s anus
with his penis more than five times and had K.D. perform oral sex on him.  After
November 2008, when the family moved to a different address, Appellant
performed anal sex on K.D. over ten more times.  Appellant told K.D. that he
would kill him if he told anyone about the sexual abuse.

Appellant
also sexually abused S.B. before and after the family’s move in November 2008. 
He penetrated her anus with his penis “a lot” and penetrated her sexual organ and
mouth with his penis.  Appellant also touched S.B.’s breasts and had her
masturbate him.  Appellant made S.B. “pinky promise” not to tell R.S.  S.B.
told K.D. about Appellant’s sexual abuse sometime during the summer or fall of
2009 and later notified authorities at school.  K.D. outcried at a later date.

Count
II of the indictment in cause F-2010-0665-B stated in relevant part as follows:

[T]hat [Appellant],
during a period that was 30 days or more in duration, to-wit:  from on or about
the 1st day of October, 2007, through on or about the 1st day of August, 2009,
and anterior to the presentment of this Indictment, in the County of Denton and
State of Texas did then and there, when the defendant was 17 years of age or
older, commit two or more acts of sexual abuse, to-wit:  Aggravated Sexual
Assault against [S.B.], a child younger tha[n] 14 years of age[.]

 

Count
I of the indictment in cause F-2011-1534-B stated in relevant part as follows:

[T]hat [Appellant] . . . during
a period that was 30 days or more in duration, to-wit:  from on or about the
22nd day of April, 2008 through on or about the 21st of April, 2009, and
[a]nterior to the presentment of this indictment, in the county and state
aforesaid, did then and there commit two or more acts of sexual abuse, to-wit: 
Aggravated Sexual Assault against [K.D.], and at the time of the commission of
each of those acts of sexual abuse, the defendant was at least 17 years of age,
and [K.D.] was a child younger than 14 years of age, and not the spouse of the
defendant[.]

 

The
trial court denied Appellant’s motions to quash both counts.  After the jury
convicted Appellant of all four indicted offenses, Appellant pleaded true to
the enhancement allegations and the trial court sentenced him to life
imprisonment for each of the four convictions.

In
two points, Appellant argues that the trial court erred by denying his motions
to quash the continuous-sexual-abuse-of-a-young-child counts because they
failed to provide him with adequate notice of the allegations against him.  Specifically,
he contends that because the State alleged that he committed sexual abuse
against K.D. and S.B. by committing aggravated sexual assault, and because there
are a number of means by which a person may commit aggravated sexual assault
against a child as defined by penal code section 22.021(a)(1)(B), the State
should have alleged with specificity “who did what to whom.”  Appellant directs
us to a few cases in which the indictments involved therein not only tracked
the language of the continuous-sexual-abuse-of-a-young-child statute but also
set out the specific acts of sexual abuse allegedly committed by the defendant,
and he argues that error occurred here because the indictments do not contain
the same level of specificity.  See Jacobsen v. State, 325 S.W.3d 733,
736 (Tex. App.—Austin 2010, no pet.); State v. Espinoza, No.
05-09-01260-CR, 2010 WL 2598982, at *8 (Tex. App.—Dallas June 30, 2010,
pet. ref’d) (not designated for publication).

An
accused is guaranteed the right to be informed of the nature and cause of the
accusations against him in all criminal actions.  U.S. Const. amend. VI; Tex.
Const. art. I, § 10; see State v. Moff, 154 S.W.3d 599, 601 (Tex.
Crim. App. 2004).  This mandate requires that the charging instrument convey
adequate notice from which the accused may prepare his defense.  Moff,
154 S.W.3d at 601.  Generally, a charging instrument that tracks the language
of a criminal statute possesses sufficient specificity to provide a defendant
with notice of a charged offense.  State v. Edmond, 933 S.W.2d 120, 128
(Tex. Crim. App. 1996).  But when a statute defines the manner or means of
commission in several alternative ways, an indictment will fail for lack of
specificity if it neglects to identify which of the statutory means it
addresses.  Id.; see State v. Barbernell, 257 S.W.3d 248, 251
(Tex. Crim. App. 2008).  Nonetheless, the constitutional requirement of
sufficient notice may be satisfied by means other than the language in the
charging instrument.  Smith v. State, 297 S.W.3d 260, 267 (Tex. Crim.
App. 2009), cert. denied, 130 S. Ct. 1689 (2010); Kellar v.
State, 108 S.W.3d 311, 313 (Tex. Crim. App. 2003).  When a motion to quash
is overruled, a defendant suffers no harm unless he did not, in fact, receive
notice of the State’s theory against which he would have to defend.  Tex. Code
Crim. Proc. Ann. art. 21.19 (West 2009) (“An indictment shall not be held
insufficient, nor shall the trial, judgment or other proceedings thereon be
affected, by reason of any defect of form which does not prejudice the
substantial rights of the defendant.”).  We review de novo a trial court’s
ruling on a motion to quash an indictment.  See Moff, 154 S.W.3d at 601.

A
person commits continuous sexual abuse of a young child if

          (1)   during
a period that is 30 or more days in duration, the person commits two or more
acts of sexual abuse, regardless of whether the acts of sexual abuse are
committed against one or more victims; and

 

          (2)   at
the time of the commission of each of the acts of sexual abuse, the actor is 17
years of age or older and the victim is a child younger than 14 years of age.

 

Tex.
Penal Code Ann. § 21.02(b) (West Supp. 2012).  “[A]ct of sexual abuse”
means any act that is a violation of, among other things, aggravated sexual
assault under penal code section 22.021.  Id. § 21.02(c)(4).  A
person commits aggravated sexual assault if (1) the person intentionally
or knowingly (i) causes the penetration of the anus or sexual organ of a
child by any means; (ii) causes the penetration of the mouth of a child by
the sexual organ of the actor; (iii) causes the sexual organ of a child to
contact or penetrate the mouth, anus, or sexual organ of another person,
including the actor; (iv) causes the anus of a child to contact the mouth,
anus, or sexual organ of another person, including the actor; or (v) causes
the mouth of a child to contact the anus or sexual organ of another person,
including the actor; and (2) the victim is younger than fourteen years of
age.  Id. § 22.021(a)(1)(B), (a)(2)(B) (West Supp. 2012).  Thus,
the penal code identifies several alternative means of committing aggravated
sexual assault.

          Here,
the indictments tracked the language of section 21.02, and the State provided
Appellant with notice of the specific acts of sexual abuse allegedly committed
by Appellant against K.D.—causing K.D.’s anus and mouth to contact Appellant’s
sexual organ—when it (1) filed a notice of K.D.’s statements pursuant to
article 38.072 and (2) noticed Appellant regarding its intent to offer
evidence of prior convictions and other crimes, wrongs, or acts.  The State
additionally provided Appellant with notice of the specific acts of sexual
abuse allegedly committed by Appellant against S.B.—causing S.B.’s sexual
organ, anus, and mouth to contact Appellant’s sexual organ—when it filed a
second amended notice of intent to offer evidence of prior convictions and
other crimes, wrongs, or acts.  Accordingly, we hold that the indictments, along
with the State’s pretrial filings detailing Appellant’s sexual abuse of K.D.
and S.B., were sufficient to give Appellant notice of the nature and cause of
the accusations against him and to allow him to prepare a defense.  See,
e.g., Kellar, 108 S.W.3d at 313–14 (considering documents filed
pretrial by State and holding that appellant had constitutionally adequate
notice); Choat v. State, No. 05-08-01037-CR, 2009 WL 4878979, at *2–3
(Tex. App.—Dallas Dec. 18, 2009, no pet.) (not designated for publication)
(same).  We overrule Appellant’s first and second points and affirm the trial
court’s judgments.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; WALKER and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  February 21,
2013









[1]See Tex. R. App. P. 47.4.